UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JEFFREY JEFFERS,

                                Plaintiff,

              -against-

THE CITY OF NEW YORK, POLICE OFFICER JOHN DOE 1-10,

                                Defendants.

------------------------------------------------------------------------ x

**ANSWER ON BEHALF OF DEFENDANT CITY OF NEW YORK**

11-CV-0339 (RRM)(CLP)

JURY TRIAL DEMANDED

Defendant City of New York by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to base venue as stated therein.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

5. Admits that the City of New York is a municipal corporation organized under the laws of the State of New York.

6. Denies the allegations set forth in paragraph "6" of the complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations pertaining

to the "John Doe" defendants, and states that the allegations pertaining to "color of state law" are legal conclusions to which no response is required.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Denies the allegations set forth in paragraph "9" of the complaint.

10. Denies the allegations set forth in paragraph "10" of the complaint.

11. Denies the allegations set forth in paragraph "11" of the complaint.

12. Denies the allegations set forth in paragraph "12" of the complaint.

13. Denies the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. In response to the allegations set forth in paragraph "21" of the complaint, defendant City of New York repeats and realleges the responses set forth in the preceding paragraphs, inclusive of this answer, as is fully set forth herein.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. In response to the allegations set forth in paragraph "25" of the complaint, defendant City of New York repeats and realleges the responses set forth in the preceding paragraphs, inclusive of this answer, as is fully set forth herein.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

28. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

29. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

30. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of any act of the defendant.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

31. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

32. This action may be barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

33. Plaintiff may have failed to comply with the provisions of New York General Municipal Law §§ 50(e) (h) and (i).

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

34. Punitive damages cannot be recovered as against the City of New York.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

35. At all times relevant to the incident, defendant City of New York and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, defendant City is entitled to governmental immunity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

36. Any search of plaintiff was justified by probable cause and/or reasonable suspicion.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

37. To the extent the complaint alleges claims against the City of New York under state law, such claims are barred by the doctrine of immunity from judgmental errors in the exercise of governmental functions.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

38. Plaintiff provoked an y incident.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        May 6, 2011

        MICHAEL A. CARDOZO
        Corporation Counsel of the
        City of New York
        Attorney for Defendant City of New York
        100 Church Street, Room 3-220
        New York, New York 10007
        (212) 788-9736

By: _____
      Noreen Stackhouse
      Assistant Corporation Counsel
      Special Federal Litigation Division

cc:    Christopher Wright, Esq. (By ECF)
       *Attorney for Plaintiff*
       Law Office of Christopher Wright
       305 Broadway, Suite 1400
       New York, New York 10007

11-CV-0339 (RRM)(CLP)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JEFFREY JEFFERS,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER JOHN DOE 1-10,

                              Defendants.

**ANSWER ON BEHALF OF DEFENDANT CITY OF NEW YORK**

*MICHAEL A. CARDOZO*

*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Noreen Stackhouse*
*Tel: (212) 788-9736*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................, 2011.*

*................................................................ Esq.*

*Attorney for ................................................................*